IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID OLIVER, #285 230, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-68-TMH |
| | ) | [WO] |
| D.T. MARSHAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a prison inmate, filed this complaint on December 10, 2012.  On March 6, 2013 the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief.  In compliance with the court's order, Defendants submitted an answer and written report on April 8, 2013 which contained relevant evidentiary materials refuting the allegations presented in the instant complaint.  The court then issued an order directing Plaintiff to file a response to Defendants' answer and written report. (*Doc. No. 22*.)  Plaintiff was advised that his failure to respond to Defendants' answer and written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." (*Id*.) (emphasis in original).  Additionally, Plaintiff was "**specifically cautioned that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this case.  (*Id*.)

The time allotted Plaintiff for the filing of a response expired on May 21, 2013.  As of the present date, Plaintiff has filed nothing in opposition to Defendants' answer and

written report as required by order filed April 9, 2013.  In light of the foregoing, the court

concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether less drastic

sanctions than dismissal are appropriate.  After such review, it is clear that dismissal of this

case is the proper sanction.  Plaintiff is an indigent state inmate.  Thus, the imposition of

monetary or other punitive sanctions against him would be ineffectual.  Additionally,

Plaintiff has failed to comply with the directives of the orders entered in this case.  It is,

therefore, apparent that any additional effort by this court to secure Plaintiff's compliance

would be unavailing.  Consequently, the court concludes that Plaintiff's abandonment of his

claims, his failure to comply with the orders of this court, and his failure to properly

prosecute this cause of action warrant dismissal of this case.  *See Link v. Wabash R.R.*, 370

U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to

dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc., v.

International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge

that this case be DISMISSED without prejudice.

It is further

ORDERED that the parties may file an objection to the Recommendation on or before

**July 5, 2013**.  Any objection filed must specifically identify the findings in the Magistrate

Judge's Recommendation to which a party objects.  Frivolous, conclusive or general

objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of June 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE